# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULTAR SINGH, | 1:10-CV-02239 SMS HC |
| Petitioner, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | [Doc. #11] |
| ERIC H. HOLDER, JR., et al., | ORDER GRANTING MOTION TO DISMISS [Doc. #13] |
| Respondents. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, a former detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties voluntarily consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On March 22, 2011, the undersigned issued an order directing Respondent to show cause why sanctions should not be imposed for failing to comply with a court order. Specifically, Respondent had failed to file a response to the Court's order to show cause dated December 9, 2010. On April 8, 2011, Respondent filed a response to the order to show cause as well as a motion to dismiss the petition for mootness.

In response to the Court's order to show cause re: sanctions, Respondent acknowledged the failure and provided an explanation for the oversight. The Court finds this to be a case of excusable neglect, and based on the fact that Petitioner has already been released on an order of supervision, Petitioner has not suffered prejudice. Therefore, the Court will discharge the order to show cause re:

1  sanctions.

2  In his motion, Respondent states Petitioner has been released from custody on an order of
3  supervision. In support of this contention, Respondent has submitted a copy of the Release
4  Notification which shows Petitioner was released on April 5, 2011. <u>See</u> Exhibit to Motion to
5  Dismiss.  Good cause having been presented and good cause appearing therefor, Respondent's
6  motion to dismiss the Petition will be granted for mootness.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Court's order to show cause re: sanctions is DISCHARGED;

2) Respondent's motion to dismiss is GRANTED;

3) The petition for writ of habeas corpus is DISMISSED; and

4) The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

**Dated:   April 16, 2011**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE